Ujkaj v. Holder

BIA
A079 327 477

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

ILIR UJKAJ,
> *Petitioner,*

v.                                          12-1553
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Ilir Ujkaj, *Pro Se*, Farmington Hills, Michigan.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Aimee J. Carmichael, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ilir Ujkaj, a native and citizen of Albania, seeks review of the March 21, 2012, order of the BIA denying his motion to reopen. *In re Ilir Ujkaj*, No. A079 327 477 (B.I.A. Mar. 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of Ujkaj's motion for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Ujkaj's petition is timely only with respect to the denial of reopening, we lack jurisdiction to consider his challenge to the underlying adverse credibility determination. *See* 8 U.S.C. § 1252(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir. 2001).

The BIA did not abuse its discretion in denying Ujkaj's 2011 motion to reopen as untimely, because he filed it more than 90 days after the BIA's 2005 final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply if a motion is

2

based on material, previously unavailable evidence of "changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), substantial evidence supports the BIA's finding that Ujkaj did not demonstrate a change in conditions in Albania.

The expert opinion Ujkaj submitted indicated a continuation, from the time of Ujkaj's merits hearing to the time of his motion to reopen, of sporadic political violence and divisiveness between the Socialist and Democratic Parties in Albania.  It also reflected the rise of the Democratic Party to power, which we have previously considered to be evidence of improved conditions.  *See Hoxhallari v. Gonzales*, 468 F.3d 179, 185-86 (2d Cir. 2006). Both Ujkaj's uncle and his expert witness indicated that officials under Democratic Party rule, like their Socialist Party predecessors, refused the return of confiscated land to landowners, like Ujkaj.  The failure to return the land, therefore, reflects no change in conditions.

The BIA did not err in its treatment of Ujkaj's evidence.  Contrary to Ujkaj's assertion, the BIA did not rely on U.S. State Department reports to discredit the

3

expert; it simply refused to credit the expert's unsupported assertion that such reports are inaccurate.  Ujkaj also submitted an asylum statement from his sister, but the events she described occurred prior to Ujkaj's 2004 hearing, and necessarily could not reflect any change thereafter.  Because the evidence did not show any increase in harm to Democratic Party members or landowners attempting to reclaim confiscated lands, the BIA reasonably concluded that Ujkaj had not demonstrated a material change in conditions.  *See Hoxhallari*, 468 F.3d at 185-86.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4